**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARY HEUSSER, formerly known as MARY COTTER, and PEOPLE OF THE STATE OF ILLINOIS ex rel. MARY HEUSSER, | ) ) ) ) |
| Plaintiffs, | ) Case No.: 1:15-cv-01692 ) Judge Kennelly |
| vs. | ) ) |
| ADVANCED CAPITAL SOLUTIONS, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT AND AWARD OF DAMAGES**

On April 27, 2015, the Court entered a default judgment against defendant Advanced Capital Solutions, Inc. ("ACS") for defendant's failure to timely appear, answer or otherwise plead to the complaint, and set a prove-up hearing for May 21, 2015. (Exhibit A). Plaintiff Mary Heusser respectfully requests that judgment be entered in her favor and against defendant, in the amount of $1,000.00 in statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), $3,000 in actual damages under the FDCPA, and $7,031.58 in attorney's fees and costs. In support of this motion, plaintiff states as follows:

1. On February 27, 2015, plaintiff filed a complaint against defendant to secure redress for unlawful collection practices engaged in by defendant. Plaintiff alleged that ACS lacked a license to operate in Illinois, made false representations and threatened to take actions it could not reasonably take to collect a time-barred debt that was incurred in plaintiff's name by an identity thief.

2. As stated above, defendant has been found to be in default, admitting the allegations of plaintiff's complaint.

3. Plaintiff alleged that ACS made the following representations after being informed that plaintiff was an identity theft victim and was therefore not responsible for the

1

alleged debt: (1) the debt would continue to get transferred around if plaintiff did not pay the debt, and plaintiff would eventually be held responsible for the debt, (2) the debt is going to "attach to her social," (3) she was going to repeatedly "run into issues" because she didn't have "proof" relating to this debt, (4) she needed to settle the account with ACS and go after the identity thief because that is what identity theft victims must do and that is "the reality of identity theft", (5) sooner or later somebody is going to "pursue it," and it will be at a higher balance, (6) the original creditor would not be willing to talk to them about the debt, (7) she should settle the debt in order to obtain a "letter of resolvement" so she doesn't "suffer any consequences." (Exhibit B, ¶10)  ACS also refused to provide plaintiff with any further information about the debt, even though plaintiff requested it. (Cmpt. ¶23)

4. In addition, the account had been in default substantially in excess of the five year statute of limitations, and was also likely in default for over seven years which prevented it from being reported to the credit bureaus. ACS did not reveal that the account was time-barred. (Cmpt. ¶¶25, 26)

5. In fact, and contrary to ACS's representations, the Fair Credit Reporting Act provides extensive protections to identity theft victims, including: requiring debt collectors to notify the creditor and provide the victim copies of documents relating to the account, including the application and any business records (15 U.S.C. §1681m(g)); preventing the re-reporting of identity theft debts to the credit bureaus (15 U.S.C. §1681s-2(a)(6); and prohibiting the transfer of accounts blocked due to identity theft (15 U.S.C. §1681m(f)).  Illinois law provides similar protections, including requiring debt collectors to cease collection of debts disputed due to identity theft until certain steps are taken, including verifying the debt with the creditor. 225 ILCS 425/9.4

6. Plaintiff alleged that defendant's actions violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) by (a) representing that plaintiff owed and had to pay a debt that was the product of identity theft; and (b) attempting to settle a time-barred debt without

2

disclosure of that fact. Plaintiff's allegations unequivocally state facts which show a violation of the FDCPA.

7. Plaintiff further alleged that plaintiff received the letters attached as Appendices B and D to the complaint, seeking to collect the same alleged debt, and identifying the creditor as "LPS." Appendix B to the Complaint was the first correspondence plaintiff received from defendants concerning the debt claimed therein. (Cmpt. ¶¶17, 18, 27, 28, Exhibit B, ¶6)).

8. Appendices B and D violate 15 U.S.C. §1692g by omitting the notices required by §1692g and failing to properly identify the creditor. These allegations unequivocally state facts which show a violation of the FDCPA. Plaintiff requests that she be awarded the maximum $1,000.00 damage award for this violation.

9. 15 U.S.C. §1692(k) provides that: "a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.

10. Plaintiff suffered emotional distress, was upset and harassed, and spent time and money taking action in response to defendant's misrepresentations. She was so upset by ACS's threats that the alleged debt would continue to come back to haunt her even though it was not hers that she considered paying the debt until she sought legal advice. As a result of ACS's threats, plaintiff lost sleep, experienced frustration and marital strife, and had arguments with her husband over what to do about the problem. Plaintiff's husband also suffered from stomach upset. (See Exhibit B, Affidavit of Plaintiff, ¶15). Plaintiff therefore requests statutory damages in the amount of $1,000 and actual damages in the amount of $3,000.

11. Comparable misconduct by defendants has resulted in damage awards in the range sought by plaintiff here. *Torres v. Bernstein, Shapiro & Associates, L.L.C.*, Case No. 2:10-cv-2507 KJM DAD (E.D.Cal., June 21, 2012) (report and recommendation for $7,000

3

compensatory damages for third party contacts); *Southern Siding Co. v. Raymond*, 703 So.2d 44 (La.App. 1997) ($5,000 actual damages for threatening letter); *Venues v. Professional Serivce Bureau*, 353 N.W.2d 671 (Min. App. 1984) ($6,000 for harassing telephone calls); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (Bankr. D. Del. 1991) ($3,000).

12. 15 U.S.C. 1692k also provides for the award of attorney's fees and costs if a plaintiff prevails on his or her claim.

13. Plaintiff's counsel took this case on a contingency basis, and invested time and money into the litigation, despite the risk that the claims might not succeed. The efforts made by counsel are set forth in detail in counsel's time and expense records, which are attached as Appendix F to a declaration supporting counsel's rates. (Declaration of Daniel Edelman, Exhibit C)

14. The hourly rates for the attorneys set forth in Exhibit C are the same as the regular current rates awarded for their services in other contingent matters. The firm adjusts them annually to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the Chicago area.

15. Plaintiff seeks an award of $6,534 in attorney's fees and $497.58 in costs of suit. The Declaration of Daniel A. Edelman is attached in support of her request, which included a detailed statement of counsel's time and expenses incurred in this case.

WHEREFORE, plaintiff respectfully requests that judgment be entered in favor of plaintiff and against defendant, in the amount of $1,000.00 to plaintiff in statutory damages under the FDCPA, $3,000 to plaintiff in actual damages under the FDCPA, and $7,031.58 in attorney's fees and costs.

Respectfully submitted,

s/ Tara L. Goodwin
Tara L. Goodwin

Daniel A. Edelman
Tara L. Goodwin

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com